IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| -vs- | ) | Criminal No. 08-377 |
| | ) | Civil No. 17-847 |
| | ) | |
| JERMAINE STEVENS, | ) | |

# **MEMORANDUM ORDER**

CONTI, Chief District Judge.

On June 27, 2017, Jermaine Stevens ("Stevens") filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 501).[1] Stevens contends that in light of the recent Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), he should not have been sentenced as a career offender. Stevens also contends that his counsel rendered ineffective assistance during the sentencing proceeding by failing to object to his career offender designation.

The government filed a response in opposition to the motion (ECF No. 505) on several grounds. The government argues that: (1) his career offender status is correct; (2) his § 2255 motion is untimely; and (3) in his plea agreement, Stevens waived his right to collaterally challenge his conviction. The government initially argued that Stevens did not file his § 2255 motion within one year of *Mathis*, but filed a supplemental response to withdraw this argument. The government continues to maintain that Stevens' motion is untimely because *Mathis* does not restart the limitations period. Stevens filed a reply (ECF No. 509). The motion is ripe for decision.

---

[1] A *pro se* pleading, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Legal Analysis

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. Courts may afford relief under § 2255 on a number of grounds including "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a). The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a § 2255 motion unless those allegations are "clearly frivolous based on the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (quoting *Booth*, 432 F.3d at 546). An evidentiary hearing is not necessary in this case.

Stevens pled guilty to a cocaine and crack cocaine conspiracy. On March 17, 2011, he was sentenced to 135 months in prison. He did not file a direct appeal. Stevens recognizes that his pending § 2255 motion, filed more than six years after his sentence, would ordinarily be untimely. He contends, however, that his claims are based on the "clarifying decision" of *Mathis* and "are just now ripe for collateral review." (ECF No. 501 at 10). Stevens's reliance on *Mathis* is misplaced.

Congress enacted a one-year limitations period in 28 U.S.C. § 2255(f). The text of the statute provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As explained in *United States v. Rivera-Cruz*, No. 1:06-CR-43, 2017 WL 3433773, at *2 (M.D. Pa. Aug. 10, 2017) (rejecting the argument that *Mathis* restarted the clock to challenge career offender status), Stevens' motion was filed more than one year after his sentence, and therefore it is untimely unless it falls within one of the exceptions to the one-year time limit.

The exception in § 2255(f)(3) is not triggered by *Mathis*. By its text, that section starts a new limitations period only if: (1) the right asserted was initially recognized by the Supreme Court; (2) that right has been newly recognized by the Supreme Court; and (3) it was made retroactively applicable to cases on collateral review. The Supreme Court announces a new rule when it imposes obligations on the government that were not imposed at the time a defendant's conviction became final. *Rivera-Cruz*, 2017 WL 3433773, at *2 (citing *Teague v. Lane*, 489 U.S. 288, 307 (1989)). Supreme Court decisions that merely apply existing precedent to a novel factual scenario do not qualify. *Id*. New rules announced by the Supreme Court are made retroactively applicable to final convictions "only in limited circumstances." *Id.* (citing *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)).

The United States Court of Appeals for the Third Circuit has not yet opined on whether the Supreme Court announced a "new right" in *Mathis*. Numerous other courts, however, have concluded that there is nothing "new" about *Mathis*. *Id*. (citing *Washington v. United States*, 868 F.3d 64 (2d Cir. 2017); *United States v. Taylor*, 672 F. App'x 860, 864-65 (10th Cir. 2016); *In re*

3

*Lott*, 838 F.3d 522, 522-23 (5th Cir. 2016) (citations omitted); *Dawkins v. United States*, 829 F.3d 549, 550-51 (7th Cir. 2016)). In *Mathis*, the Supreme Court expressly rejected the idea that it was creating a new right by stating that its "precedents make [it] a straightforward case," and observing that its prior rulings concerning the Armed Career Criminal Act dictated its conclusion. *Mathis*, 136 S. Ct. at 2257. In *United States v. Carter*, Crim. No. 06-388, ECF No. 76 (July 13, 2017) (rejecting a § 2255 challenge to a career offender designation), this court held that *Mathis* does not restart the limitations period. Stevens' motion, therefore, is untimely and must be denied.[2]

Conclusion

For the foregoing reasons, defendant's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 501) will be **DENIED**. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Stevens did not meet this standard. An appropriate order will be entered contemporaneously with this opinion.

November 21, 2017

BY THE COURT:

/s/Joy Flowers Conti
Chief United States District Judge

---

[2] The court notes that Stevens' motion would also be barred by his knowing and voluntary waiver in the plea agreement of his right to collaterally attack his sentence. *See, e.g., United States v. Thompson*, No. 07-303, 2017 WL 916337 (W.D. Pa. March 8, 2017).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| -vs- | ) | Criminal No. 08-377 |
| | ) | Civil No. 17-847 |
| | ) | |
| JERMAINE STEVENS, | ) | |

## **ORDER**

AND NOW, on this 21st day of November, 2017, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that Jermaine Stevens' pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 501) is **DENIED**. No certificate of appealability shall issue.

BY THE COURT:

/s/Joy Flowers Conti
Chief United States District Judge